**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

ANTHONY ROBINSON                                              **PLAINTIFF**

v.                                       **CIVIL ACTION NO. 3:15-CV-164-MPM-SAA**
                                                                                **LEAD CASE**

**DALE K. THOMPSON,
SERGEANT WICKER,
LEANN and DEJAM TAYLOR**                                         **DEFENDANTS**

CONSOLIDATED WITH

**ANTHONY ROBINSON**                                             **PLAINTIFF**

v.                                       **CIVIL ACTION NO. 3:15-CV-196-MPM-SAA**

**LT. CHAD WICKER, DALE K.
THOMPSON, DESOTO COUNTY,
JAMES MICHAEL MEZIERE, LEANA,
and DEJUAN TAYLOR**                                            **DEFENDANTS**

## ORDER

The undersigned, *sua sponte*, reviews whether the above-referenced cases should be consolidated for all pretrial and trial purposes under Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE, and Rule 42 of the LOCAL UNIFORM CIVIL RULES. Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977), quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). A motion to consolidate is not required. The court may invoke Rule 42(a) *sua sponte*. *See Gentry*, 487 F.2d at 581. Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a

separate judgment.  *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir. 1969); *Empire Aluminum Corp. v. S.S. Korendijk*, 391 F.Supp. 402, 410 (S.D.Ga. 1973).

Both cases originate from the same incident -- plaintiff's arrest by the Olive Branch Police Department on August 30, 2013 -- and which plaintiff claims resulted in various civil rights violations under 42 U.S.C. § 1983.  Civil Action No. 3:15-cv-164-MPM-SAA was filed in the United States District Court for the Western District of Tennessee on September 29, 2015 and was transferred to the this court on September 30, 2015 [Docket 5] and assigned to U.S. District Judge Michael P. Mills.  Civil Action No. 3:15-cv-196-MPM-SAA was filed in this court on November 12, 2015, and it is also assigned to Judge Mills.  Docket 1, 3.  No discovery has been conducted in either case, and service of process has not been completed in either case.

RULE 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE provides that "actions before the court [which] involve a common question of law or fact . . . may [be] consolidate[d]."  Here, the law favors consolidation of these two cases. Common questions of law and fact exist in both cases because the claims in each arise out of the same incident.  Additionally, most of the potential witnesses necessary to the litigation are likely to be common to all parties.  And, finally, because similar legal and factual issues are presented in each case, consolidation would prevent unnecessary duplication of discovery, research, and pretrial motions.  Accordingly, it is

**ORDERED**

that No. 3:15-cv-164-MPM-SAA is hereby consolidated with No. 3:15-cv-196-MPM-SAA.  Pursuant to LOCAL RULE 42, Number 3:15-cv-164-MPM-SAA will serve as the lead case because it is the lower docket number of the two, and the style will read as above captioned.

The plaintiff and all counsel are directed to indicate both the lead case number and the consolidated case number in the caption of any documents filed with court.  The word

"CONSOLIDATED" must appear directly under the lead case number. Plaintiff and counsel are directed to docket and file all documents in the lead case unless otherwise directed. Documents may be filed in all cases by printing the words "FILED IN ALL CASES" in the caption under the last case number and electronically filing the document in every case which the document is to be filed, or appropriately spreading the filing according to the court's electronic case management and filing system. The parties are responsible for accurately and correctly adhering to these requirements in all filings via the court's electronic case management system.

This the 5th day of April, 2016.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE