IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY ROBINSON                                                     PLAINTIFF

v.                                    CIVIL ACTION NO. 3:15-CV-164-MPM-SAA
                                                                           LEAD CASE

DALE K. THOMPSON,
SERGEANT WICKER,
LEANN and DEJAM TAYLOR                                             DEFENDANTS

CONSOLIDATED WITH

ANTHONY ROBINSON                                                     PLAINTIFF

v.                                    CIVIL ACTION NO. 3:15-CV-196-MPM-SAA

LT. CHAD WICKER, DALE K.
THOMPSON, DESOTO COUNTY,
JAMES MICHAEL MEZIERE, LEANA,
and DEJUAN TAYLOR                                                  DEFENDANTS

**ORDER**

      Plaintiff filed his complaint in cause number 3:15-cv-196-MPM-SAA on November 12, 2015. Docket 1. On January 15, 2016 the magistrate judge Jane M. Virden entered an order granting plaintiff's motion to proceed in this court without prepaying fees and costs. Docket 5. Under 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process" for a plaintiff proceeding *in forma pauperis*. *See also* Fed. R. Civ. P. 4(c)(3)(the court must "order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915").

      Although the court will relieve plaintiff of the burden to serve process, "it is [his] responsibility to locate the defendants and submit their addresses to the court." *Shelton v.*

*Michigan Turkey Producers Co-op., Inc.*, No. 1:13cv441, 2014 WL 4388366, at *6 (W.D.Mich. Sept. 5, 2014), citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *see also Boyer v. Taylor*, Civil Action No. 06-694-GMS, 2009 WL 2338173, at *11 (D.Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process," citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7uth Cir.2005)).

Here, plaintiff provided no addresses for Lt. Chad Wicker, Dale K. Thompson, Desoto County, James Michael Meziere, Leana Taylor and Dejuan Taylor. It is Mr. Robinson's responsibility to provide the proper current or last known address of the defendants in order to complete service of process. *See King v. Busby*, 162 F. App'x 669, 671 (8th Cir. 2006) (finding no abuse of discretion whether the district court failed to complete service of process on a defendant because plaintiff failed to provide a proper address for the defendant).

Therefore, within **fourteen days** of the date of this order, the plaintiff must provide to the district clerk's office the addresses of, or information sufficient to achieve service of process upon, each defendant to be served. Once plaintiff provides the clerk's office with the addresses of each defendant, the clerk of the court is **DIRECTED** to issue process for plaintiff, which the U.S. Marshal will serve in accordance with 28.U.S.C. § 1915(d).

This the 5th day of April, 2016.

                                                /s/ S. Allan Alexander
                                          UNITED STATES MAGISTRATE JUDGE